1

2

3

4              UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7    KENNETH LA' MOTTE,                         Case No. 23-cv-03022-JSC

          Plaintiff,
8
                                                **ORDER OF DISMISSAL**
9         v.

10   PECOLA JONES,

          Defendant.
11

12                              **INTRODUCTION**

13         Plaintiff, an inmate in the Contra Costa County Jail who is proceeding without

14   representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against

15   Defendants Pecola Jones and the Ke'ron La'Motte Foundation ("the Foundation").  (ECF No. 7.)

16   For the reasons explained below, the complaint is dismissed because it does not state a claim that

17   is capable of judicial review and determination.

18                            **STANDARD OF REVIEW**

19         Federal courts must engage in a preliminary screening of cases in which prisoners seek

20   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

21   1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of

22   the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

23   may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

24   § 1915A(b).  Pleadings filed by unrepresented parties must be liberally construed.  *Balistreri v.*

25   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

26         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

28   statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

United States District Court
Northern District of California

United States District Court
Northern District of California

1   which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although to state

2   a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

3   provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

4   formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must

5   be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

6   550 U.S. 544, 555 (citations omitted).  A complaint must proffer "enough facts to state a claim for

7   relief that is plausible on its face." *Id.* at 570.

8   **LEGAL CLAIMS**

9       Plaintiff claims Jones started the Foundation without getting his permission to use his last

10  name, which is also the last name of their deceased son, for whom the Foundation is named.  (ECF

11  No. 1 at 3; No. 7 at 2-3.)  He alleges Jones has not sent him any of the Foundation's "proceeds."

12  (ECF No. 7 at 3.)  He seeks an audit of the Foundation's finances, and an order stopping the

13  Foundation from continuing to use his last name.

14      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

15  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

16  violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.

17  42, 48 (1988).  Plaintiff's claim does not meet either of these requirements.  First, the Court is not

18  aware of any authority that the use of another person's last name without their permission violates

19  the United States Constitution or any other federal law.  To the extent state law prohibits such

20  usage, the claim cannot proceed under Section 1983.  *See DeShaney v. Winnebago County Social*

21  *Servs. Dep't*, 489 U.S. 189, 201-03 (1989) (Section 1983 does not impose liability for violations of

22  duties of care arising out of state law).  Second, a private individual or entity does not act under

23  color of state law, an essential element of a Section 1983 action.  *See Gomez v. Toledo*, 446 U.S.

24  635, 640 (1980); *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974).  Jones and

25  the Foundation, as a private individual and entity respectively, are not liable under Section 1983.

26  Accordingly, the complaint does not state a claim that is capable of judicial review and

27  determination.

28      If the Court finds that a complaint does not state a claim that can proceed, it should

United States District Court
Northern District of California

1  determine whether to grant leave to amend.  Even when a request to amend is not made, "[l]eave

2  to amend should be granted unless the pleading could not possibly be cured by the allegation of

3  other facts, and should be granted more liberally to pro se plaintiffs."  *Lira v. Herrera*, 427 F.3d

4  1164, 1176 (9th Cir. 2005) (internal quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122,

5  1128-29 (9th Cir. 2000) (en banc).  However, if amendment of the pleading would be futile, leave

6  to amend is properly denied.  *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010).

7  The complaint cannot be amended in such a way that it would state a claim that is capable of

8  judicial review and determination under Section 1983.  The complaint is clear that Plaintiff's

9  claim is against a private individual and entity about the use of his last name and entity.  Such a

10  claim cannot be amended to state a claim under federal law or against a government actor.  To the

11  extent the use of Plaintiff's last name violates state law, he may bring a state-law claim in state

12  court.  This Court does not have "diversity" jurisdiction over such a claim under 28 U.S.C. §

13  1332(a) because Defendants and Plaintiff reside in the same state.  (ECF No. 7 at 2.)[1]

**CONCLUSION**

15      For the foregoing reasons, the case is DISMISSED for failure to state a claim that is

16  capable of judicial review and determination.  The dismissal is without leave to amend and with

17  prejudice as to a Section 1983 claim, but without prejudice to bringing state law claims in state

18  court.

19      The Clerk shall enter judgment and close the file.

20      **IT IS SO ORDERED.**

21  Dated: July 14, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

---

[1] Plaintiff indicates Jones resides in Daly City, California (ECF No. 7 at 2), and the website for the Foundation indicates it is located in San Bruno, California, *see* https://www.guidestar.org/profile/85-3096953.